UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BONNIE PROSPER,

    *Plaintiff*,

v.

ATTORNEY GENERAL OF ANTIGUA
AND BARBUDA, *et al.*,

    *Defendants*.

Civil Action No. 20-2279 (TJK)

## ORDER

Plaintiff Bonnie Prosper, proceeding pro se, sues her former employers, the embassies of Antigua and Barbuda, St. Lucia, St. Vincent and the Grenadines, and Dominica ("Defendants"). She alleges that Defendants breached her contract when they terminated her employment. ECF No. 1 ¶ 20. And she also alleges that she suffered emotional distress because of her termination and because of other things her employers did. *Id.* ¶ 23–24, 28. Before the Court are two motions to dismiss filed by Defendants. ECF No. 9 (the embassy of St. Lucia) and ECF No. 15 (the embassies of Antigua and Barbuda, St. Vincent and the Grenadines, and Dominica).

In their motions, Defendants argue that dismissal is warranted for insufficient service under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6). But "[u]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Jouanny v. Embassy of Fr.*, 220 F. Supp. 3d 34, 38 (D.D.C 2016) (citing *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007)). Thus, the Court must turn first to whether service was proper. *See Kaplan v. Cent Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018).

A plaintiff seeking to sue under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.*, must strictly adhere to the requirements of 28 U.S.C. § 1608(a). *Barot v. Embassy of the Republic of Zam.*, 785 F.3d 26, 27 (D.C. Cir. 2015) ("neither substantial compliance, nor actual notice, sufficed" for § 1608(a) service). Section 1608(a) sets forth four methods for serving a foreign government. "The methods are presented in order of preference; a method of service must be unavailable or unsuccessful for a party to attempt service under a later method." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 396 (D.D.C. 2015). Those methods are: (1) through "special arrangement for service" between the plaintiff and the foreign state, (2) "in accordance with an applicable international convention on service of judicial documents," (3) by sending the summons and complaint and notice of suit, along with a "translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned," or (4) by sending a summons and complaint and a notice, to be addressed and dispatched by the clerk of the court, to the Secretary of State, who shall transmit one copy of the papers through diplomatic channels. 18 U.S.C. § 1608(a).

Prosper did not successfully serve process on any of Defendants. She tried to serve them by sending the complaint and summons through regular mail to each countries' attorney general. *See* ECF No. 9-1 at 5–6; ECF No. 12 at 1; ECF No. 15-1 at 7–9; ECF No. 19 at 1–2. But that does not satisfy *any* of the four methods.[1]

---

[1] Defendants suggest that St. Vincent and the Grenadines and Antigua and Barbuda are party to the Hague Convention, so Prosper must serve process on the designated central authority of each country under method (2). *See* ECF No. 15-1 at 8–9. According to Defendants, that means she must serve St. Vincent and the Grenadines' Registrar of the High Court of Justice, *id.* at 8, and

"Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983). In *Barot*, "the D.C. Circuit held that it was an abuse of discretion to dismiss for insufficient service of process when (1) the service attempt 'came very close to satisfying the requirements thus showing good faith;' (2) 'the statute of limitations had run on the plaintiff's claims;' and (3) 'the defendant had identified no particular prejudice it would suffer if Plaintiff were permitted another opportunity to make proper service.'" *L. Offs. of Arman Dabiri & Assocs. v. Agric. Bank of Sudan*, No. 17-cv-2497 (RDM), 2019 WL 231753, at *5 (D.D.C. Jan. 16, 2019) (citing *Barot*, 785 F.3d at 29). Prosper's attempts at service, especially as a pro se litigant, appear to have been in good faith, and it is possible the statute of limitations has run on some of her claims. Moreover, Defendants have not identified any particular prejudice they would suffer if the Court permitted Prosper another chance to serve them.

For all these reasons, it is hereby **ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 9 and 15, are **DENIED** without prejudice. Further, it is **ORDERED** that Plaintiff shall properly effect service on Defendants, or otherwise move to extend time for service, by August 17, 2021. Failure to do so may result in the dismissal of the case.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: June 21, 2021

---

either Antigua and Barbuda's Governor General or the Registrar of the High Court of Antigua and Barbuda, St. Johns, Antigua, *id.* at 8–9. As for Dominica and St. Lucia, Defendants claim Prosper must employ method (3). *See* ECF No. 9-1 at 6; ECF No. 15-1 at 7.